UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | No. 21-cr-287 (TNM) |
| | : | |
| **KEVIN SEEFRIED,** | : | |
| | : | |
| **Defendant.** | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
<u>MOTION FOR RELEASE PENDING APPEAL</u>

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant Kevin Seefried's motion (ECF No. 160), seeking release pending appeal in light of the Supreme Court's recent decision to grant *certiorari* in *United States v. Fischer*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023). Regardless of the outcome in *Fischer*, Seefried cannot establish by clear and convincing evidence that he does not pose a danger to the community/is not a flight risk; nor can he show that that it is likely that the outcome in *Fischer* will result in a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Accordingly, the Defendant's motion should be denied.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

The grand jury returned a superseding indictment on April 27, 2022, charging the defendant with a felony violation of 18 U.S.C. § 1512(c)(2) as well as four misdemeanors. On June 15, 2022, following a two-day bench trial, the defendant was convicted of all counts. On February 9, 2023, the Court sentenced the defendant as follows:

**Count One – 18 U.S.C. § 1512(c)(2):** Thirty-six (36) months of incarceration, twelve (12) months of supervised release, and a $100 special assessment.

> **Counts Two and Three – 18 U.S.C. § 1752(a)(1) and (2):** Twelve (12) months of incarceration on each count, twelve (12) months of supervised release on each count, and a $25 special assessment on each count.
>
> **Counts Four and Five – 40 U.S.C. § 5104(e)(2)(D) and (G):** Six (6) months of incarceration on each count and a $10 special assessment on each count.

*See* ECF No. 141. The Court ordered the terms of incarceration and supervised release to run concurrently and also ordered the defendant to pay $2,000 in restitution. *Id.* The Court allowed the defendant to voluntarily surrender to the Bureau of Prisons for service of his sentence at a later date. Feb. 9, 2023 Minute Order. At sentencing, the defendant orally moved for permission to file a motion for release pending appeal. *Id.* On February 17, 2023, the defendant filed a notice of appeal. ECF No. 144. No appeal brief has been filed to date.

On March 2, 2023, the defendant filed a motion for release pending appeal in light of the Circuit's consideration of *United States v. Miller*, No. 22-3041 and *United States v. Rahm*, No. 23-3012. ECF No. 146. The Court granted that motion, and directed the parties to submit a status report following the Circuit's decision in *Miller*. ECF No. 151. On April 7, 2023, the Circuit issued an opinion in *United States v. Fischer*, 64 F. 4th 329 (D.C. Cir. 2023), with which *Miller* had been consolidated. On April 21, 2023, the parties filed a status report. ECF No. 157. In that report, the defendant maintained that he should remain on release in light of the *Fischer* defendants' appeal to an *en banc* panel; the government argued that *Fischer* clearly held that that 18 U.S.C. § 1512(c)(2) applied to the defendant's conduct and that therefore there was no reason to further delay the commencement of the defendant's sentence. *Id.* The Court subsequently held that the *Fisher* majority "rejected the defendant's interpretation of the Obstruction of an Official Proceeding count, significantly undermining what this Court believed to be Mr. Seefried's most viable appellate argument." ECF No. 158. The Court therefore ordered that the defendant self- surrender to the Bureau of Prisons to commence his sentence by May 31, 2023. *Id.*

2

On December 15, 2023, the defendant filed the instant motion, seeking release in light of the Supreme Court's decision to grant *certiorari* in *United States v. Fischer*. The defendant has served slightly more than seven months of his sentence.

## II.   LEGAL STANDARD

Seefried moves for release pending appeal under 18 U.S.C. § 3143(b). The statute does not authorize his release here.

Under 18 U.S.C. § 3143(b), a defendant who has been sentenced to a term of imprisonment "shall . . . be detained" unless the court finds that two separate requirements are met:

> (1) "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and
> (2) that the appeal "raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1)(A)-(B). The requirements for "reversal" and "an order for a new trial" encompass all counts, not just a single count. *United States v. Perholtz*, 836 F.2d 554, 557 (D.C. Cir. 1988) (explaining that defendants "cannot be released unless the appeal raises a substantial question likely to result in reversal of *all counts* on which imprisonment is imposed") (emphasis supplied). If a judicial officer finds that a defendant is eligible for release because the appeal is "likely" to result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process," the remedy is not immediate release; rather, "the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence." 18 U.S.C. § 3143(b)(1)(B). It is the defendant's burden to make the requisite showing under 18 U.S.C. § 3143(b)(1)(B). *Perholtz*, 836 F.2d at 555-56 (referring to

"the required showing on the part of the defendant"); *United States v. Libby*, 498 F. Supp. 2d 1, 3 (D.D.C. 2007).

### III. ARGUMENT

Even assuming that the *Fischer* issue now raises a "substantial question," Seefried fails to make the required showing for release. *First*, he is unable to show by clear and convincing evidence that he is not likely to flee if released. In the context of Seefried's original motion for release, the parties agreed that Seefried did not pose a danger to the community or present a risk of flight. And the Court noted that Seefried had been compliant with the terms of his pre-trial release and remained gainfully employed. ECF No. 151 at 2. That calculation has changed, however. The defendant has now been incarcerated for several months; he now knows the day-to-day reality of confinement in prison. Were he to be released at the end of the month, he will have served eight months of his 36-month sentence, with potentially 28 more still to serve. The prospect of this additional time may make it more likely that he flees rather than returning to prison.[1] The defendant also poses a heightened danger: the country has now entered the year of what will likely be another fiercely contested presidential election. The Court would be releasing defendant into the same political maelstrom that led him to commit his crimes in the first place.

---

[1] Seefried would not be the first January 6 defendant to flee, abscond, or fail to appear while facing a significant charge (or set of charges) or sentence. *See, e.g.*, *United States v. Worrell*, 21-cr-292 (RCL), Dkt. 295 (defendant absconded after being initially detained and then released); *United States v. Bru*, 21-cr-352 (JEB), Dkt. 66, June 26-July 6, 2023 Minute Entries; *United States v. Burlew* (RDM), 21-cr-647 (RDM), Nov. 30, 2023, Dec. 8, 2023 Minute Entries; *United States v. Olivia Pollock and Joseph Hutchinson*, 21-cr-447 (CJN), Dkt. 208, Dkt. 210, March 6, 2023, April 6, 2023, May 19, 2023, August 7, 2023 Minute Entries; *United States v. Giustino*, 23-cr-00016 (JEB), September 29, 2023 Minute Entry; *United States v. Dennison*, 23-cr-00032 (TNM), June 5, 2023 Minute Entry; *United States v. Shawndale Chilcoat and Donald Chilcoat*, 22-cr-00299, September 5, 2023, September 9, 2023, October 5, 2023, October 6, 2023, October 13, 2023 Minute Entries.

*Second*, Seefried cannot show that a reversal in *Fischer* (and a subsequent reversal in his case) is likely to lead to reversal, an order for a new trial, or a non-jail sentence on *all* counts, given that there are other counts of conviction not at issue in *Fischer*: Counts Two through Five. Nor does defendant show that reversal is *Fischer* "likely" to lead to "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process," given his four other counts of conviction.

While the defendant asserts that, in the absence of his felony conviction, "his misdemeanor sentences likely would have been even lower," ECF No. 160 at 8, this is not the case. Seefried's conduct on January 6, 2021 was of the utmost seriousness. After leaving the "Stop the Steal" rally on the Ellipse, the defendant and his son joined the mob advancing on the Capitol. Carrying a Confederate battle flag, he climbed over a wall to reach an external staircase to the Capitol building, surged towards the building after other rioters breached a barrier on that staircase, and joined a group of rioters who were attempting to force entry into the building. Seefried watched as those rioters broke out a window near the Senate Wing Door, then eagerly climbed through, becoming the twelfth rioter to set foot in the building.

Seefried was one of the first rioters to encounter United States Capitol Police ("USCP") Officer Eugene Goodman, at the base of a set of stairs. Seefried jabbed his Confederate battle flag at Officer Goodman and angrily said things such as "I'm not leaving," "Where are the members at?" "Where are they counting the votes at?" and, perhaps most chillingly, "You can shoot me but we're coming in." He then joined the mob that chased Officer Goodman up the stairs, into the Ohio Clock Corridor, where they encountered a line of USCP officers who were attempting to prevent the rioters from breaching the Senate Chamber. When the officers instructed Seefried to leave, he refused to do so. At sentencing, this Court described Seefried's conduct as "a flagrant

5

affront to our system of government," "outrageous," and "deeply offensive." Sentencing Tr., Feb. 9, 2023 at 38-39.  In sum, as this Court noted, "among the January 6th rioters I've sentenced this far for nonassaultive conduct, [Seefried's] actions are at the most egregious end."  Sentencing Tr., Feb. 9, 2023 at 39.  A decision holding that this conduct may not be a violation of Section 1512(c)(2) does not change that assessment.

Thus, the defendant has not shown that, were the Court to reduce Seefried's sentence following a dismissal of Count 1, the new sentence would be shorter than the amount of time Seefried has already served, plus the expected duration of the appeals process.  In fact, a reversal of the § 1512(c) conviction could increase the aggregate sentence on the remaining counts.

> [In cases] involv[ing] multicount indictments and a successful attack by a defendant on some but not all of the counts of conviction . . . the Government routinely argues that an appellate court should vacate the entire sentence so that the district court may increase the sentences for any remaining counts up to the limit set by the original aggregate sentence. And appellate courts routinely agree.

*Dean v. United States*, 137 S. Ct. 1170, 1176 (2017).  Indeed, Seefried's Guidelines range for the conviction group encompassing Counts Two and Three would be 12-18 months.  *See* Govt. Sent. Mem., ECF No. 135 at 18-19.  In such circumstances, it is entirely possible that that government could advocate for fully or partially consecutive sentences and the Court could determine that consecutive sentences were justified in light of the egregiousness of the defendant's conduct.

In any event, the defendant was sentenced to 12 months' imprisonment on each of Counts Two and Three and 6 months' imprisonment on each of Counts Four and Five.  None of those convictions are at issue in the *Fischer* appeal.  A decision in *Fischer* is expected by June 2024, at most a few weeks after conclusion of the defendant's current 12-month sentence, and a decision

6

could be issued earlier.  Thus, even if the Court believes that it is "likely"[2] that the defendant would be resentenced to 12 months or less, the remedy is not to release the defendant now, or to stay his incarceration entirely.  Instead —and unlike with release based on a reversal, likelihood of trial, or non-jail sentence—the statute directs the Court to order the defendant released only once he has served the amount of time he is likely to serve upon resentencing, not immediately. 18 U.S.C. § 3143(b)(1)(B) ("in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated *at the expiration of the likely reduced sentence*") (emphasis supplied).  Therefore, to release defendant based on the likelihood of a reduced sentence, the Court must calculate that reduced sentence, and defendant must still serve that amount of time before being released pending appeal.  *See, e.g.,* May 25, 2023 Order, *United States v. Brock,* D.C. Cir. Case No. 23-3045 (denying motion for release pending appeal in January 6 case where "the district court did not specifically address what appellant's "likely reduced sentence" would be if his conviction under 18 U.S.C. § 1512(c) is reversed. Nor has appellant made that showing…").

---

[2] What is "likely" is also complex considering the posture of this, and indeed, hundreds of cases. *If* the Supreme Court reverses, and *if* it does so in a manner that actually invalidates the conviction (as opposed to presenting the opportunity to retry the defendant for a violation of § 1512 under a different legal theory), and *if* the Court does not find that the Guidelines nevertheless permit the use of U.S.S.G. § 2J1.2 as a basis of evaluating the defendant's relevant conduct under a preponderance standard, there is no reason to believe that this Court – or any court for that matter – would treat the defendant's crimes any less seriously given what had been previously proven at trial. In other words, under §3553(a), the defendant cannot actually show that his likely reduced sentence would actually terminate prior to the Supreme Court's issuance of a decision in *Fischer*.

For all these reasons, the defendant's motion for release should be denied.

                          Respectfully Submitted,

                          MATTHEW M. GRAVES
                          United States Attorney
                          D.C. Bar No. 481052

By:    */s/ Benet J. Kearney*
         BENET J. KEARNEY
         Assistant United States Attorney
         NY Bar No. 4774048
         26 Federal Plaza
         New York, New York 10278
         Benet.Kearney@usdoj.gov
         (212) 637-2260

         BRITTANY L. REED
         Assistant United States Attorney
         LA Bar No. 31299
         650 Poydras Street, Ste. 1600
         New Orleans, LA 70130
         Brittany.Reed2@usdoj.gov
         (504) 680-3031