UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 21-cr-287 (TNM) |
| : | |
| KEVIN SEEFRIED, : | |
| : | |
| Defendant. : | |

GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR CLARIFICATION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to defendant Kevin Seefried's motion for clarification of the Court's March 26, 2024 order granting his motion for release pending appeal in light of the Supreme Court's grant of *certiorari* in *United States v. Fischer*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023). ECF No. 168 (Mar. 26, 2024 Order); ECF No. 170 (Mot. for Clarification). Neither form of sentencing credit that the defendant seeks can be applied to his sentence at his juncture.

I.   BACKGROUND AND PROCEDURAL HISTORY

On June 15, 2022, following a two-day bench trial, Seefried was convicted of a felony violation of 18 U.S.C. § 1512(c)(2), as well as four misdemeanors. On February 9, 2023, the Court sentenced the defendant as follows:

**Count One – 18 U.S.C. § 1512(c)(2):** Thirty-six (36) months of incarceration, twelve (12) months of supervised release, and a $100 special assessment.

**Counts Two and Three – 18 U.S.C. § 1752(a)(1) and (2):** Twelve (12) months of incarceration on each count, twelve (12) months of supervised release on each count, and a $25 special assessment on each count.

**Counts Four and Five – 40 U.S.C. § 5104(e)(2)(D) and (G):** Six (6) months of incarceration on each count and a $10 special assessment on each count.

*See* ECF No. 141.  The Court ordered the terms of incarceration and supervised release to run concurrently.

The Court granted the defendant's first motion for release pending appeal (in light of the Circuit's consideration of *United States v. Miller*, No. 22-3041 and *United States v. Rahm*, No. 23-3012), ECF No. 151.  On April 21, 2023, following the Circuit's issuance of an opinion in *United States v. Fischer*, 64 F. 4th 329 (D.C. Cir. 2023) (with which *Miller* had been consolidated), the Court ordered that the defendant self- surrender to the Bureau of Prisons to commence his sentence by May 31, 2023.  ECF No. 158.

On December 15, 2023, the defendant a subsequent motion, seeking release in light of the Supreme Court's decision to grant *certiorari* in *United States v. Fischer*.  ECF No. 160.  Pursuant to 18 U.S.C. § 3143(b)(1)(B), this Court considered the "likely reduced sentence" it would impose should Seefried's conviction pursuant to 18 U.S.C. §1512(c)(2) be vacated, and concluded that "a total of one year of incarceration" was "likely adequate."  ECF No. 168 at 9-11.  It therefore ordered that Seefried be released upon "the expiration of that likely reduced sentence."  *Id.* at 11.

On April 6, 2024, the defendant filed the instant motion.  ECF No. 170 .

II.     **LEGAL ANALYSIS**

Seefried seeks clarification whether "the Court intended for its order to supersede the ordinary operation of Bureau of Prisons 'good time' and First Step Act credit." *Id.* at 1.  Given the current posture of this case, however, neither form of credit is currently available to him.

Pursuant to 18 U.S.C. § 3624(b), inmates who have "displayed exemplary compliance with [Bureau of Prisons] institutional disciplinary regulations" may receive up to 54 days of credit per year toward the service of their sentence, colloquially referred to as "good time credit."  However, this relief is only available to inmates who are "serving a term of imprisonment of <u>more than 1</u>

year."  18 U.S.C. § 3624(b) (emphasis added).  The likely reduced sentence that the Court contemplated in its order, one year of incarceration – even were it officially imposed – does not qualify.

Pursuant to 18 U.S.C. § 3632(d)(4)(A)(i)-(ii), certain inmates[1] may earn credit against their sentences upon completion of recidivism-reduction programming or activities, sometimes referred to as "programmatic credit."  However, these credits are only applied to an inmate's sentence once they equal the remainder of the "imposed term of imprisonment."  18 U.S.C. § 3624(g)(1)(A); 18 U.S.C. § 3632(d)(4)(C).  BOP has informed the government that, as of April 24, 2024, Seefried has earned 105 days of programmatic credit.  Here, although the Court has calculated the likely reduced sentence it would impose in the event that the Supreme Court's decision in *Fischer* vacates Seefried's felony conviction, no such opinion has yet been issued and no resentencing has been conducted.  *See* ECF No. 168 at 9 ("This analysis is inherently speculative—the Court is *not* resentencing Seefried today.  Instead it is simply looking ahead and assessing what Seefried's probable sentence might be if he were to win on appeal."); *cf. United States v. Brock*, 21 Cr. 140 (JDB), ECF No. 121 at 4 ("The parties are reminded that his analysis is only a preliminary assessment of Brock's reduced sentence and that the Court remains open to arguments from both Brock and the government at resentencing.").  This Court has ordered that Seefried be released pending appeal pursuant to 18 U.S.C. § 3143(b), but his sentence remains 36 months of imprisonment.  Seefried has served approximately eleven months of that sentence.  105 days of

---

[1] Inmates who have been convicted of certain offenses are not eligible to earn credit in this way.  *See* 18 U.S.C. § 3632(d)(4)(D).  Seefried has not been convicted of any of these offenses.

programmatic credit – roughly three months – is not equal to the approximately 25 months that remain on the imposed term of imprisonment.[2]

### III. CONCLUSION

At this juncture, neither good time credit, pursuant to 18 U.S.C. § 3624(b), nor programmatic credit, pursuant to 18 U.S.C. § 3632(d)(4)(A) is available to Seefried.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:  /s/ Benet J. Kearney
BENET J. KEARNEY
Assistant United States Attorney
NY Bar No. 4774048
26 Federal Plaza
New York, New York 10278
Benet.Kearney@usdoj.gov
(212) 637-2260

---

[2] Further, both good time credit and programmatic credit can be forfeited, for example, if an inmate commits an infraction.  Thus, an attempt to fashion a release date earlier than the expiration of the Court's assessment of the likely reduced sentence would be premised on the assumption that no circumstances would arise requiring the forfeiture of time credit.